IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| JANE DOE (L.M.H.), an individual<br><br>*Plaintiff,*<br><br>v.<br><br>CHOICE HOTELS INTERNATIONAL SERVICES CORP., CHOICE HOTELS INTERNATIONAL, INC., AND FLORISSANT HOSPITALITY GROUP LLC<br>*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 1:25-CV-00530<br>JUDGE MICHAEL J. TRUNCALE |

**ORDER OVERRULING OBJECTIONS AND ADOPTING**
**<u>REPORT AND RECOMMENDATION</u>**

Defendants Choice Hotels International, Inc. and Choice Hotels Services Corp. ("Franchisor Defendants") moved to dismiss Plaintiff L.M.H.'s complaint, or, in the alternative, to transfer venue. [Dkt. 7]. The Court referred this matter to the Honorable Christine L. Stetson, United States Magistrate Judge, for consideration pursuant to applicable laws and orders of this Court. [Dkt. 22]. On August 11, 2026, the magistrate judge submitted a report recommending that the motion to dismiss be denied. [Dkt. 39]. The Court has considered the report and recommendation, and Defendants' objections [Dkt. 41] filed on September 23, 2026.

**DISCUSSION**

**1. Plaintiff Pled a Valid CAVRA Claim**

The Franchisor Defendants object to the findings that (1) "Choice and its co-Defendant were in an agency relationship and that this sufficed to make out a CAVRA claim" (2) "even if

CAVRA was limited to *perpetrator liability*, 'one perpetrates a § 1591(a)(2) violation if one knowingly benefits from facilitating the harboring of a person one knows to be a minor that will engage in commercial sex.'" [Dkt. 41 at 3–4].

On the first point, Franchisor Defendants are incorrect that Judge Stetson's report concludes that Choice and its co-Defendants were in an agency relationship. Judge Stetson only found that Plaintiff met the liberal standard for *pleading* an agency relationship [Dkt. 39 at 8] and that such a pleading is sufficient to support a claim of perpetrator liability and beneficiary liability at the motion to dismiss stage. [Dkt. 39 at 9 n.7]. Controlling precedent in the Eastern District of Texas has already guided the parties that this court views agency principles as relevant to liability under the TVPRA. *Doe K.E.C. v. G6 Hosp.*, LLC, 750 F. Supp. 3d 719, 731–32 (E.D. Tex. 2024). This court has held that "[t]o plausibly allege an indirect liability claim against a defendant under the TVPRA, the plaintiff must allege facts demonstrating that an agency relationship exists under federal common law." *Id.* at 738. As this question has already been decided, Defendants' objection on this front is rejected.

On the second point, Franchisor Defendants are objecting to an argument on which Judge Stetson's conclusions do not rest, meant merely to illustrate that L.M.H.'s pleadings would survive a motion to dismiss even if CAVRA were limited to perpetrator liability under § 1591. [Dkt. 39 at 6]. Defendants highlight [Dkt. 41 at 5], and this court has recognized that § 1591 is a criminal statute that has section specific definitions regarding participation in a venture that do not apply to § 1595. *K.E.C.*, 750 F. Supp. 3d at 730. In light of the heightened scienter requirements of a criminal statute, this court has guided that for §1591(a)(2) liability, "a defendant must have a knowing or reckless mental state." *Id.* at 729 n.4. This does not help the Defendants here. Judge

Stetson's report points out that L.M.H.'s pleadings meet even that higher burden with respect to the Franchisor Defendants by alleging that the Franchisor Defendants knowingly benefitted from participation in a venture as defined by §1591. [Dkt. 39 at 6]. The case cited, *Roseberry v. Studio 6 Delk R.*, 815 F. Supp.3d 1325 (N.D. Ga. 2025), illustrates that a plaintiff may sufficiently plead a § 1591(a)(2) claim through allegations that defendants knowingly allowed the trafficking to occur and received payment for the same. The court finds that the L.M.H's pleadings are sufficiently analogous. *See* [Dkt. 1 at 28–29 ¶ 83–84].

**2. This Court Has Personal Jurisdiction Over Defendants**

Defendants object to what they characterize as the Report's "alternative ground for establishing personal jurisdiction," [Dkt. 41 at 6] that in waiving service of process, the Defendants "satisf[ied] the lowest threshold to satisfy the due process required for personal jurisdiction: consent." [Dkt. 39 at 11].

This court must review each of the magistrate judge's findings that has been objected to *de novo*. FED. R. CIV. P. 72(b)(3). Here, however, the finding that Defendants object to is but a recharacterization of a conclusion they have *not* objected to: that a well pleaded CAVRA claim supports personal jurisdiction over the Defendants via Federal Rule of Civil Procedure 4(k)(1)(c). Defendants correctly indicate that this was the rationale for finding personal jurisdiction in *L.M.H. v. Wyndham Hotels & Resorts, Inc.*, No. 1:25-CV-538, 2026 WL 2548605, at *2 (E.D. Tex. June 23, 2026). They neglect that it was also cited as the basis for personal jurisdiction in this case. [Dkt. 39 at 12]. Where the report analyzes the personal jurisdiction question from the due process

angle that Defendant briefed, the invocation of the "consent" concept simply ties this procedural pathway to personal jurisdiction to a deeper principle in the doctrine.[1]

Here, Defendants have not objected to the premise that a well-pleaded CAVRA claim could establish jurisdiction pursuant to Rule 4(k)(1)(C). [Dkt. 41 at 7]. Moreover, Defendant concedes that the question they raise turns on the presence of a valid CAVRA claim, which this court concludes is present. Defendants' objection is overruled.

**3. Interlocutory Review is not Appropriate**

Under 28 U.S.C. § 1292(b), "a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order." Defendants argue that the objections they raise implicate "recurring questions of statutory construction that will impact cases before this Court and in other Districts across the Fifth Circuit." [Dkt. 41 at 7]. They fail, however, to point to significant splits within the circuit on these matters, instances where the court rules in a manner that appears contrary to the ruling of all Courts of Appeals which have reached the issue or explain *how* an appeal may hasten adjudication. *See, e.g.*, *Cmp, LLC v. Bd. of Commissioners for the*

[1] The cases cited in the report point Defendants to explications of this principle. *Costellow v. Becht Engineering Co.*, 597 F. Supp. 3d 1090 (E.D. Tex. 2022) details the multiple ways a defendant may "manifest consent" to personal jurisdiction, and points to authorities that support the proposition that due process concerns are alleviated where Defendants consent to service. *Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). The other case cited, *Mallory v. Norfolk So. Ry.*, 600 U.S. 122 (2023), explored and expanded the concept of consent in the context of an expansive state long-arms statute—informing how waiver of service may operate in the context of analogous federal statutes that authorize nationwide service of process.

*Lafitte Area Indep. Levee Dist.*, No. CV 24-2298, 2026 WL 1648905, at *2–3 (E.D. La. June 8, 2026). The request for certification of this order for appeal is accordingly denied.

**CONCLUSION**

The Court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b)(3). After careful consideration, the Court concludes that the objections are without merit. Accordingly, the Court **ADOPTS** the magistrate judge's recommendation, **OVERRULES** the Defendants' objections, **AFFIRMS** the denial of their motion to dismiss or transfer, and **DENIES** their request for certification of this order for appeal.

**SIGNED this 28th day of September, 2026.**

Michael J. Truncale
United States District Judge